<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

```
_____ :
                            :
DONALD G. JACKMAN, JR.,     :
                            :     Civil Action No. 13-7176(NLH)
             Plaintiff,     :
                            :
      v.                    :     MEMORANDUM OPINION
                            :
UNITED STATES FEDERAL BUREAU :
OF PRISONS,                 :
                            :
             Defendant.     :
_____ :
```

Plaintiff Donald G. Jackman, Jr., a prisoner confined at the Federal Correctional Institution at Fort Dix, New Jersey, has submitted a <u>pro</u> <u>se</u> complaint alleging a claim under the Federal Tort Claims Act for recovery of the value of property allegedly taken during a "shakedown" search of his cell and locker by prison guards. Plaintiff has applied to proceed <u>in</u> <u>forma</u> <u>pauperis</u> pursuant to 28 U.S.C. § 1915.

Pursuant to Local Civil Rule 54.3, the Clerk shall not be required to enter any suit, file any paper, issue any process, or render any other service for which a fee is prescribed, unless the fee is paid in advance. Under certain circumstances, however, this Court may permit an indigent plaintiff to proceed

in forma pauperis.

The entire fee to be paid in advance of filing a civil complaint is $400.  That fee includes a filing fee of $350 plus an administrative fee of $50, for a total of $400.  A prisoner who is granted in forma pauperis status will, instead, be assessed a filing fee of $350 and will not be responsible for the $50 administrative fee.  A prisoner who is denied in forma pauperis status must pay the full $400, including the $350 filing fee and the $50 administrative fee, before the complaint will be filed.

Title 28 U.S.C. § 1915 prohibits a prisoner from bringing a civil action in forma pauperis, however, "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."  28 U.S.C. § 1915(g).

A prisoner's entire action or appeal must be dismissed on grounds enumerated in § 1915(g) to count as a "strike."  Byrd v. Shannon, 715 F.3d 117, 125 (3d Cir. 2013).  Moreover, a strike under § 1915(g) will accrue "only if the entire action or appeal is (1) dismissed explicitly because it is 'frivolous,' 'malicious,' or 'fails to state a claim' or (2) dismissed

2

pursuant to a statutory provision or rule that is limited <u>solely</u> to dismissals for such reasons, including (but not necessarily limited to) 28 U.S.C. §§ 1915A(b)(1), 1915(e)(2)(B)(i), 1915(e)(2)(B)(ii), or Rule 12(b)(6) of the Federal Rules of Civil Procedure." <u>Id.</u> at 126 (emphasis added).

Dismissals for frivolousness of civil actions or appeals, prior to the 1996 amendment of § 1915, count as "strikes" under 28 U.S.C. § 1915(g). <u>See</u> <u>Keener v. Pennsylvania Bd. of Probation & Parole</u>, 128 F.3d 143, 144 (3d Cir. 1997). Moreover, "strikes" under § 1915(g) can be accrued in actions or appeals where the prisoner has prepaid the filing fee, as well as in actions or appeals where the prisoner is proceeding <u>in forma pauperis</u>. <u>Byrd v. Shannon</u>, 715 F.3d at 124.

While incarcerated, Plaintiff has had at least three prior federal civil actions dismissed as frivolous or malicious, or for failing to state a claim upon which relief may be granted. <u>See</u>, <u>e.g.</u>, <u>Jackman v. Cohill</u>, Civil Action No. 09-2950 (N.D. Ohio); <u>Jackman v. Lappin</u>, Civil Action No. 11-0016 (N.D. Ohio); <u>Jackman v. McMillan</u>, Civil Action No. 06-0051 (W.D. Pa.); <u>Jackman v. Federal Bureau of Prisons</u>, Civil Action No. 07-0241 (W.D. Pa.); <u>Jackman v. United States Dept. of Justice</u>, Civil Action No. 08-0237 (W.D. Pa.); <u>Agramonte v. Shartle</u>, Civil Action No. 09-0790 (N.D. Ohio).

The allegations of the Complaint do not suggest that

3

Plaintiff is in imminent danger of serious physical injury.  <u>See</u> 28 U.S.C. § 1915(g).

CONCLUSION

For the reasons set forth above, Plaintiff=s application for leave to proceed <u>in</u> <u>forma</u> <u>pauperis</u> will be denied and the Clerk of the Court will be ordered to administratively terminate this action, without filing the complaint or assessing a filing fee.[1]  Plaintiff will be granted leave to apply to re-open within 30 days by pre-paying in full the $350 filing fee and the $50 administrative fee.

An appropriate Order will be entered.

At Camden, New Jersey                    <u>     s/Noel L. Hillman     </u>
                                         Noel L. Hillman
                                         United States District Judge

Dated: March 7, 2014

_____

[1] Such an administrative termination is not a "dismissal" for purposes of the statute of limitations, and if the case is re-opened pursuant to the terms of the accompanying Order, it is not subject to the statute of limitations time bar <u>if</u> it was originally filed timely.  <u>See</u> <u>Houston v. Lack</u>, 487 U.S. 266 (1988) (prisoner mailbox rule); <u>Papotto v. Hartford Life & Acc. Ins. Co.</u>, 731 F.3d 265, 275-76 (3d Cir. 2013) (collecting cases and explaining that a District Court retains jurisdiction over, and can re-open, administratively closed cases).

4